IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CYNTHIA WOOD, | § | |
|    Plaintiff, | § | |
| | § | |
| V. | § | CASE NO. _____ |
| | § | |
| FRONTIER AIRLINES, INC., | § | |
|    Defendant. | § | |

## DEFENDANT FRONTIER AIRLINES, INC.'S NOTICE OF REMOVAL

Defendant, Frontier Airlines, Inc. ("Frontier"), hereby removes this action, currently pending as Case No. 2024-20127 in the 157th District Court of Harris County, to the United States District Court for the Southern District of Texas, pursuant to 28 U.S.C. §§1332, 1441(b) (diversity jurisdiction removal), and §1446.

### I.     Papers From the Removed Action

1.     In accordance with 28 U.S.C. §1446(a), true and correct copies of all process, pleadings, and orders from the state court action – as of this date of this pleading – are attached hereto as **Exhibit A** and incorporated herein for all purposes.

2.     Pursuant to 28 U.S.C. §1446(d), upon the filing of the instant removal petition, Frontier will promptly file a Notice of Filing Notice of Removal, attaching thereto a copy of this Notice of Removal and the documents attached to this Notice of Removal, with the Harris County District Clerk, where the state court action was pending, and will serve a copy of the same upon plaintiff's counsel.

3.     By filing this Notice of Removal, Frontier does not waive any jurisdictional or other defenses that might be available to it. In addition, Frontier expressly reserves the right to move for dismissal of some or all of plaintiff's claims and reserves the right to amend or supplement this Notice of Removal.

## II.   Removal is Timely

4. The papers contained in Exhibit A reflect that plaintiff filed her Petition in the District Court of Harris County on June 25, 2024. Frontier was served with the Petition nearly nine months later, on March 20, 2025. Frontier is filing this Notice of Removal within thirty (30) days of service of plaintiff's Complaint, making removal timely under 28 U.S.C. § 1446(b)(2)(B).

## III.   Parties and Amount in Controversy

5. Frontier is incorporated in Colorado and has its principal place of business in Colorado.

6. Plaintiff alleges she resides in Montgomery County, Texas. Petition, ¶ 2. Montgomery County is located in the Southern District of Texas.

7. Plaintiff seeks "monetary relief over $10,000,000.00." *Id.*, ¶ 5.

8. Because Frontier is the only defendant, it does not need to address whether any other defendant consents to removal.

## IV.   Plaintiffs' Allegations

9. Plaintiff alleges that on June 25, 2022, in Las Vegas, Nevada, she boarded a Frontier flight bound for Houston, Texas. Plaintiff further alleges that, upon entering the cabin of the plane, she could smell the "odor of metallic fumes." *Id.*, ¶ 7.

10. Plaintiff alleges that she was "led off the plane and back to the terminal" where she underwent an immediate medical examination and "found out that her oxygen levels were at 64%." *Id.* Plaintiff alleges this caused her to suffer "permanent and lasting damage done to her lungs which has caused complications and an array of medical conditions." *Id.*

11. Plaintiff claims Frontier was negligent and breached its duty of care by failing to protect her from a dangerous condition on the airplane. *Id.*, ¶ 9.

## V.    Grounds For Removal

12.    Pursuant to 28 U.S.C. §1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant…to the district court of the United States for the district and division embracing the place where such action is pending."

13.    Under 28 U.S.C. § 1332(a)(1), federal courts have original jurisdiction over any civil action "where the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between…citizens of different States.'"

14.    The plaintiff is a citizen of Texas.

15.    "[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business…" 28 U.S.C. § 1332(c)(1).  Frontier is incorporated in Colorado and has its principal place of business in Colorado. Accordingly, Frontier is a citizen of Colorado for the purposes of diversity jurisdiction.

16.    Pursuant to 28 U.S.C. §1441, Frontier removes this action to the District Court of the United States for the district and division embracing the place where the action is pending (the Southern District of Texas). This Court has original jurisdiction over this action under 28 U.S.C. §1332(a)(1), because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interests and costs.

61560\324321669.v1

Respectfully submitted,

HINSHAW & CULBERTSON LLP

/s/ *Stephanie Laird Tolson*
Stephanie Laird Tolson
State Bar No. 11795430
Matthew A. Knox
State Bar No. 2407102
5151 San Felipe, Suite 1380
Houston, Texas 77056
Telephone: 346-344-4501
Facsimile: 346-202-0186
stolson@hinshawlaw.com
maknox@hinshawlaw.com

*Attorney for Frontier Airlines, Inc.*

## CERTIFICATE OF SERVICE

I certify that a true copy of the above Notice of Removal has this day been served via by electronic delivery via e-Filing for Court eService, email, certified mail/return receipt required, UPS and/or facsimile on March 31, 2025, to all the parties of record.

*/s/ Stephanie Laird Tolson*
Stephanie Laird Tolson

4