United States District Court
Southern District of Texas
**ENTERED**
April 01, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Cynthia Wood | § § § § | |
| *versus* | § § § § | Civil Action 4:25–cv–01476 |
| Frontier Airlines, Inc. | § § § | |

# INITIAL DISCOVERY PROTOCOLS FOR PREMISE LIABILITY CASES INVOLVING SLIPS, TRIPS, OR FALLS

January 2023

# INITIAL DISCOVERY PROTOCOLS FOR PREMISE LIABILITY CASES INVOLVING SLIPS, TRIPS, OR FALLS

## PART 1: INTRODUCTION

In premise liability cases involving slip, trips, or falls, this court requires the parties to use these Initial Discovery Protocols. The purpose of these Initial Discovery Protocols is to require the exchange of the most relevant information and documents early in the case, to assist in framing the issues to be resolved and to plan for more efficient and targeted discovery.

These Initial Discovery Protocols supersede the parties' obligations to make initial disclosures under Federal Rule of Civil Procedure 26(a)(1) but do not preclude a party from seeking additional discovery under the Federal Rules of Civil Procedure.

## PART 2: DEFINITIONS AND INSTRUCTIONS

**(1) Definitions.**

a. *Claimed Loss.* "Claimed Loss" means the loss or damage that Plaintiff seeks to recover from Defendant in this litigation.

b. *Condition.* "Condition" means the object, substance, or thing that caused the Event.

c. *Document.* "Document" and "documents" are defined to be synonymous in meaning and equal in scope to the phrase "documents or electronically stored information" in Federal Rule of Civil Procedure 34(a)(1)(A). A draft of a document or a nonidentical copy is a separate document.

d. *Event.* "Event" means the incident alleged to have caused the Claimed Loss.

e. *Identify (Documents).* When referring to documents, to "identify" means either (1) to describe, to the extent known: (i) the type of document; (ii) the general subject matter; (iii) the date; (iv) the author(s), according to the document; and (v) the person(s) to whom, according to the document, the document (or a copy) was to have been sent; or (2) to produce a copy.

f. *Identify (Persons).* When referring to natural persons, to "identify" means to give the person's: (i) full name; (ii) present or last known address and telephone number; (iii) email address; (iv) present or last known place of employment; (v) present or last known job title; and (vi) relationship, if any, to the parties. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent requests to identify that person.

    g. *Identify (Non-Natural Persons or Entities).* When referring to a corporate entity, partnership, or other unincorporated association, to "identify" means to give the: (i) corporate or entity name and, if known, the trade or other names under which it has done business during the relevant time period; (ii) state of incorporation or registration; (iii) address of its principal place of business; and (iv) primary phone number and internet address. Once a corporate or other business entity has been identified in accordance with this subparagraph, only the name of that entity needs be listed in response to subsequent requests to identify that entity .

    h. *Relating to.* "Relating to" means concerning, referring, describing, evidencing, or constituting.

    i. *Premises.* "Premises" means the place where the Event occurred.

**(2) Instructions.**

    a. This Initial Discovery is to be responded to without objections (except attorney-client and work-product privilege).

    b. If a partial or incomplete answer or production is provided, the responding party must state the reason that the answer or production is partial or incomplete.

    c. This Initial Discovery is subject to Federal Rule of Civil Procedure 26(e) on supplementation and Federal Rule of Civil Procedure 26(g) on certification of responses.

    d. This Initial Discovery is subject to the attached Interim Protective Order unless the parties agree or the court orders otherwise. The Interim Protective Order will remain in place until and unless the parties agree on, or the court orders, a different protective order.

## PART 3: INFORMATION AND DOCUMENTS TO BE PRODUCED BY PLAINTIFF

**(1) Timing.**

Plaintiff's responses to these Initial Discovery Protocols must be provided within the earlier of 30 days after: (i) a responsive pleading or motion to dismiss has been filed; or (ii) a notice of removal has been filed, unless the court orders otherwise.

**(2) Information to be produced by Plaintiff.**

    a. Describe in detail how the Event occurred, where specifically it occurred, and when it occurred.

    b. Identify each Condition that Plaintiff contends caused the Event.

c.  Does Plaintiff contend that Defendant had actual notice of the Condition? If the answer is "yes," please state whether Plaintiff contends that (i) Defendant created the Condition; (ii) Defendant was made aware of the Condition before the Event; or (iii) both.

d.  If Plaintiff contends that Defendant had actual notice of the Condition before the Event, identify: (i) each of Defendant's employees whom Plaintiff contends had actual notice of the Condition; (ii) how long before the Event the employee[s] had actual notice of the Condition; and (iii) each person whom Plaintiff contends gave Defendant actual notice of the Condition.

e.  If Plaintiff contends that Defendant had constructive notice of the Condition before the Event, identify: (i) the time period Plaintiff believes the Condition existed before the Event; (ii) the appearance of the Condition before the Event; and (iii) the basis for these beliefs.

f.  Identify each person who: (i) was a witness to the Event; (ii) was present with Plaintiff at the Premises when the Event occurred; or (iii) responded to the Event.

g.  If Plaintiff obtained any information relating to the Event from any of Defendant's employees, identify: (i) each person who provided Plaintiff such information; (ii) how long after the Event the information was provided; and (iii) generally state what information that person told Plaintiff.

h.  Identify each medical practitioner, hospital, or other facility Plaintiff visited for medical reasons as a result of the Event.

i.  Describe the physical, mental, or emotional injuries Plaintiff sustained as a result of the Event.

j.  With regard to each bodily area injured as a result of the Event, identify whether Plaintiff had any prior injury or pain to that bodily area. If so, identify each medical practitioner, hospital, or other facility Plaintiff visited before the Event to receive treatment or medication for those injuries or pain.

k.  Provide a computation of each item or type of Claimed Loss.

l.  If Plaintiff is claiming any loss of compensation or earning capacity as a result of the Event, identify: (i) the date(s) between which Plaintiff was unable to work as a result of the Event; (ii) the total amount of earnings (including benefits) that Plaintiff contends was lost as a result of Plaintiff's absence from work; (iii) the name and address of Plaintiff's employer on the date of the Event; (iv) Plaintiff's job title and duties on the date of the Event; (v) whether Plaintiff was a full-time or part-time employee on the date of the Event; (vi) Plaintiff's hourly rate if Plaintiff was paid hourly, or Plaintiff's annual salary if Plaintiff was salaried, on the date of the Event; and (vii) any job, position, or other employment opportunity Plaintiff was denied or could not apply for as a result of the Event.

m.  If Plaintiff has received any money as a result of the Event (for example, in settlement or insurance payments), identify: (i) the source of the money; (ii) the amount of money received; and (iii) the date the money was received.

n.  If, before the Event, Plaintiff sustained a personal injury for which Plaintiff sought medical treatment due to an incident or accident that occurred on another's property or premises, identify: (i) the date of the incident; (ii) the location of the incident; (iii) an explanation of how Plaintiff was injured; and (iv) an explanation of lingering effects of that injury.

**(3) Documents to be produced by Plaintiff.**

a.  All photographs or video recordings depicting the location of the Event, or the substance, object, or condition that allegedly caused Plaintiff to slip, trip, or fall.

b.  All documents relating to the injuries Plaintiff sustained as a result of the Event, including: medical records, hospital records, emergency medical personnel reports, x-rays, office notes, or other medical reports.

c.  All documents relating to the charges incurred with respect to the injuries allegedly sustained by Plaintiff as a result of the Event, including: medical bills, hospital bills, emergency response services bills, or medication bills.

d.  Plaintiff must complete and sign the attached medical authorization to allow Defendant to secure the medical records of all physicians and other healthcare providers who treated Plaintiff as a result of the Event.

e.  All nonprivileged written or recorded statements made by Plaintiff relating to the Event.

f.  All nonprivileged written or recorded statements made by Defendant or Defendant's employees relating to the Event.

g.  All nonprivileged written or recorded statements made by any witness to the Event.

h.  All documents exchanged between Plaintiff and Defendant relating to the Event.

i.  i. All incident, accident, and other nonprivileged investigative reports relating to the Event.

j.  All document(s) on which Plaintiff relies to support the Claimed Loss. This includes all documents supporting any claim for loss of wages or earning capacity.

**PART 4: INFORMATION AND DOCUMENTS TO BE PRODUCED BY DEFENDANT.**

**(1) Timing.**

    Defendant's responses to these Initial Discovery Protocols must be provided within 14 days after Plaintiff has submitted responses to these Initial Discovery Protocols.

**(2) Information to be produced by Defendant.**

    a.  Describe any investigation Defendant conducted relating to the Event, not claimed to be protected as conducted in anticipation of litigation.

    b.  Identify each person who: (i) was an eye or ear witness to the Event; (ii) worked in the area of the Event on the day of the Event; (iii) supervised those who worked in the area on the day of the Event; or (iv) responded to the Event.

    c.  Identify the policies and procedures Defendant had in effect at the time of the Event relating to slip, trip, or fall hazards.

    d.  If Defendant obtained any information relating to the Event from Plaintiff, identify: (i) each person to whom Plaintiff spoke about the Event from whom the Defendant obtained information; and (ii) generally state what Plaintiff said. To the extent Defendant contends that Plaintiff made any admissions against interest, describe those admissions and when and to whom they were made.

    e.  On the date of the Event, did Defendant have a policy, procedure, or routine that required the area where the Event occurred to be inspected or maintained? If the answer is "yes," provide (i) a general description of the policy, procedure, or routine; (ii) the identity of each person directly responsible for the operation of the policy, procedure, or routine on the day of the Event; and (iii) the identity of each person responsible for the general supervision of the operation of the policy, procedure, or routine on the day of the Event.

    f.  On the date of the Event, did Defendant conduct any inspection of the area of the Event before the time of the Event? If so, identify (i) each person who made such an inspection; and (ii) the time each inspection was made.

    g.  Has Defendant terminated, reprimanded, counseled, or otherwise disciplined any of its employees as a result of the Event? If so, please describe such discipline or counseling.

    h.  For any similar slip and fall or trip and fall incidents occurring within the last five years at the Premises where the Event occurred (other than the Event), identify: (i) the date of the incident; (ii) a brief description of the incident; and (iii) the style of any lawsuit relating to the incident.

**(3) Documents to be produced by Defendant.**

a. All photographs and video recordings of the Event, or of the condition or object that caused Plaintiff to slip, trip, or fall. This includes all photographs and video recordings taken of the Event location one hour before and after the Event.

b. All written or recorded statements made by Plaintiff relating to the Event.

c. All written or recorded statements made by Defendant relating to the Event.

d. All written or recorded statements made by any witness to the Event.

e. All documents exchanged between Plaintiff and Defendant relating to the Event.

f. All incident, accident, and other nonprivileged investigative reports relating to the Event.

g. All written logs or other documentation relating to any inspection of the Event location conducted by Defendant on the date of the Event.

h. All policies and procedures Defendant had in effect at the time of the Event: (i) relating to slip, trip, or fall hazards; or (ii) requiring the area where the Event occurred to be inspected or maintained.

i. All documents on which Defendant relies to support its defenses.

j. Any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

Signed on April 1, 2025, at Houston, Texas.

_____
George C. Hanks, Jr.
United States District Judge

# AUTHORIZATION FOR RELEASE OF PROTECTED HEALTH INFORMATION

**Patient Information**

Name: _____

Date of Birth: _____

Social Security Number: _____

Address: _____

**Health Care Provider Authorized to Release Information**

I authorize the following persons and/or organizations to disclose my entire medical record, which may include information concerning HIV or AIDS, mental illness, and chemical or alcohol dependency. "Medical record" includes patient histories, patient questionnaires, intake information sheets, office notes (except psychotherapy notes), consultations, test results, laboratory reports, radiology studies or reports, pathology reports, x-ray reports, films, diagnostic tests, referrals, medication records, prescription and pharmacy records, assessments, treatment plans (including treatments prescribed, performed, or recommended), diagnosis or prognosis information, periods of stays or hospitalization, discharge summaries and instructions, progress notes, billing and payment records, insurance records, correspondence, records sent to you by other health care providers, computer data or compilations or reports, and all other forms or documents.

Name: _____

Address: _____

Name: _____

Address: _____

Name: _____

Address: _____

Name: _____

Address: _____

**Authorized Recipient of Medical Records**

I authorize the following person and/or organization to receive the health information described above:

Name: _____

Address: _____

**THIS AUTHORIZATION DOES NOT AUTHORIZE YOU TO DISCLOSE MY MEDICAL RECORDS TO ANYONE OTHER THAN THE AUTHORIZED RECIPIENT SPECIFIED ABOVE.**

**Reason for Release of Information**

The release of this information is made at the request of the undersigned due to a pending lawsuit in which the individual' medical condition is at issue.

**Expiration of Authorization**

This authorization shall remain in effect for one year from the date listed below.

**Patient Certification and Acknowledgment of Understanding**

In accordance with the Privacy Rule of the Health Insurance Portability and Accountability Act of 1996 (HIPAA), I request that health information regarding my care and treatment be released as set forth on this form. I certify that I am the patient, and the identification that I have provided is true and correct.

_____
Signature of Patient


_____
Date of Signature