IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CYNTHIA WOOD<br>  Plaintiff, | §<br>§<br>§ | |
| v. | § | CASE NO. 4:25-cv-01476 |
| | § | |
| FRONTIER AIRLINES, INC.<br>  Defendant. | §<br>§<br>§ | |

# FRONTIER AIRLINES, INC.'S
# MOTION TO DISMISS

Defendant Frontier Airlines, Inc. ("Frontier") brings this Motion to Dismiss plaintiff's complaint with prejudice under Fed. R. Civ. P. 12(b)(6). Alternatively, the Motion is brought under Fed. R. Civ. P. 12(b)(4) and Fed. R. Civ. P. 12(b)(5). In support thereof, Frontier states as follows:

## INTRODUCTION

1. Plaintiff alleges she was injured by inhaling fumes after she boarded a Frontier flight on June 25, 2022. She filed a complaint against Frontier exactly two years later, on June 25, 2024. ECF 1-1. However, Frontier was not served until March 20, 2025, nearly nine months after the applicable limitations period expired. Consequently, plaintiff's complaint should be dismissed with prejudice as a matter of black-letter Texas law.

2. The only meaningful question for this Court involves identifying the proper vehicle for dismissal. Texas district courts have dismissed complaints for lack of service within the applicable limitations period under Rules 12(b)(4), 12(b)(5), and 12(b)(6).

3. Frontier respectfully maintains that the proper vehicle for dismissal is Rule 12(b)(6). However, regardless of which Rule 12(b) subsection this Court deems to be appropriate, the outcome is the same. For the following reasons, this Court should GRANT the instant Motion and dismiss plaintiff's complaint with prejudice.

**BACKGROUND**

4. On June 25, 2022, plaintiff allegedly boarded a Frontier flight in Las Vegas, Nevada that was bound for Houston, Texas. ECF 1-1 at 4, ¶ 7. Plaintiff claims that upon entering the plane's cabin, she smelled "the odor of metallic fumes." *Id*. She alleges that before the plane took off, she and other passengers deplaned and received immediate medical attention. This included an examination which revealed that plaintiff's "oxygen levels were at 64%." *Id.* Plaintiff claims the incident caused her to suffer "permanent and lasting damage done to her lungs which has caused complications and an array of medical conditions." *Id*.

5. On June 25, 2024, plaintiff filed the underlying Complaint in the 157th Judicial District Court of Harris County Texas, Cause No. 2024-40127, claiming Frontier was negligent and seeking punitive damages. ECF 1-1 at 5, ¶ 12.

6. On August 21, 2024, a citation was issued by the Harris County District Clerk, but Frontier was not served. ECF 1-1 at 7.

7. On February 12, 2025, the Harris County court issued a notice advising plaintiff that her complaint was in danger of being dismissed for want of prosecution and instructing her to file a Verified Motion to Retain on or before March 31, 2025, "showing good cause to retain the case or diligence in prosecution to avoid dismissal." ECF 1-1 at 8.

8. On March 20, 2025, plaintiff served her Complaint on Frontier. ECF 1-1 at 10.

9. On March 25, 2025, plaintiff filed a Verified Motion to Retain in the Harris County court. Therein, plaintiff simply acknowledged that her complaint was "apparently not served until March 20, 2025," and stated that she was "pursuing her claim with diligence." ECF 1-1 at 16.

10. On April 1, 2025, Frontier timely removed the matter to this Court under 28 U.S.C. §§ 1332(a) and 1441(b). ECF 1.

**ARGUMENT**

11. A federal court in a diversity action applies the same statute of limitations that the forum state would apply. *Huss v. Gayden*, 571 F.3d 442, 450 (5th Cir. 2009); *Hines v. Tenneco Chemicals, Inc.*, 546 F. Supp. 1229, 1232 (S.D. Tex. 1982).

12. The Texas limitations period for personal injury claims is two years, and such a claim accrues the moment the plaintiff becomes aware that she has suffered an injury or has acquired sufficient information to know she has been injured. *Johnson v. Harris Cnty.*, 83 F.4th 941, 945 (5th Cir. 2023); Tex. Civ. Prac. & Rem. Code § 16.003.

13. Plaintiff's allegations in this case establish that she was immediately aware of her purported injury after she inhaled fumes on June 25, 2022. ECF 1-1 at 4, ¶ 7. Although plaintiff timely filed her complaint on the last day of the two-year limitations period, June 25, 2024, preserving her claim required the additional step of effectuating service of process.

14. Under Texas law, a plaintiff must "bring suit" within the applicable limitations period. To "bring suit," the plaintiff must (1) file a petition within the limitations period, and (2) use due diligence in obtaining service of citation on the defendant. If service is not actually effected until after the statutory period has expired, the date of service may relate back to the date of filing, but only if the plaintiff exercised due diligence in effecting service of process. *Proulx v. Wells*, 235 S.W.3d 213, 215, 50 Tex. Sup. Ct. J. 1188 (2007); *Paredes v. City of Odessa*, 128 F. Supp. 2d 1009, 1016 (W.D. Tex. 2000).

15. In determining whether the plaintiff exercised due diligence in effectuating service of process, Texas courts consider whether the plaintiff: (1) acted as an ordinary prudent person would have under the same circumstances; and (2) was diligent up until the defendant was served. *Seagraves v. City of McKinney*, 45 S.W.3d 779, 782 (Tex. App.—Dallas 2001, no pet.).

16. Texas law is clear that – **as a matter of law** – a period of more than just a few months to complete service is not due diligence. Moreover, a plaintiff cannot show due diligence by asserting she trusted the process server to effectuate service in a diligent manner. *Sanderson v. Vela*, No. 05-02-01157-CV, 2003 Tex. App. LEXIS 2539, 2003 WL 1564314 at *2 (Tex. App.—Dallas Mar. 27, 2003, no pet.) ("A party may not abdicate responsibility for timely service to a process server."); *Gonzalez v. Phoenix Frozen Foods, Inc.*, 884 S.W.2d 587, 590 (Tex. App.—Corpus Christi 1994); ("Mere reliance on a process server and a delay of **five months** after expiration of the statute of limitations do not, as a matter of law, constitute due diligence in procuring issuance and service of citation."); *see also Alonzo v. Fort Worth Land & Cattle Co.*, No. 02-23-00053-CV, 2023 Tex. App. LEXIS 5093 at *7, 2023 WL 4501827 (Tex. App.—Fort Worth, Jul. 13, 2023, no pet.) (service **three months** after limitations expired was not due diligence); *Jennings v. H.E. Butt Grocery Co.*, No. 04-97-00266-CV, 1998 Tex. App. LEXIS 1314 at *6-7, 1998 WL 88625 (Tex. App.—San Antonio, Mar. 4, 1998, pet. denied) (emphasis added) (**eight month** delay after limitations expired was not due diligence); *Sadeghian v. Denton Cent. Appraisal Dist.*, No. 02-23-00364-CV, 2024 Tex. App. LEXIS 2215 at *6, 2024 WL 1318252 (Tex. App.—Fort Worth, Mar. 28, 2024, no pet.) (service **five months** after expiration of limitations was not due diligence).

17. Plaintiffs' **nine-month delay** in this case means that, as a matter of law, she cannot show due diligence in effectuating service of process. Hence, the only question that remains for this Court is determining which Rule 12(b) subsection provides the proper grounds for dismissing plaintiffs' complaint with prejudice.

18. Federal authorities are split as to whether a Texas plaintiff's failure to exercise due diligence to serve a defendant until after the limitations period expires constitutes "insufficient

4

process" under Rule 12(b)(4), or "insufficient service of process" under Rule 12(b)(5), or a statute-of-limitations defense that may be asserted under Rule 12(b)(6).

19. For example, in *Williams v. Kroger Texas, L.P.*, Civil Action No. 3:16-CV-1631-L, 2016 U.S. Dist. LEXIS 138750 (N.D. Tex. Oct. 6, 2016), the defendant moved for dismissal under Rules 12(b)(4), 12(b)(5), and 12(b)(6) on grounds that the plaintiff failed to effectuate service of process prior to the expiration of the applicable two-year limitations period. Because the defendant relied on documents outside of the pleadings that were neither matters of public record nor subject to judicial notice, the court held that the defendant's reliance on Rule 12(b)(6) was inappropriate. *Id*. at *3. The court went on to rule that Rule 12(b)(5) was the appropriate vehicle for dismissal, because the defendant's motion challenged "the mode of delivery or the lack of delivery of the summons and complaint." *Id*. at *4-5.

20. In *Henderson v. Republic of Texas Biker Rally, Inc.*, 672 F. App'x 383 (5th Cir. 2016), the plaintiff filed her suit well within the limitations period but did not serve the corporate defendant until two days after it expired. In turn, the defendant corporation moved for dismissal and asserted defenses under Rule 12(b)(4) and/or 12(b)(5). *Id*. at 384-86. The *Henderson* court granted the motion without specifying which Rule 12(b) subsection applied, instead holding: "Texas courts have regularly held that comparable gaps conclusively negate a finding of diligence as a matter of law." *Id*. at 386 (citing *Proulx*, 235 S.W.3d at 217 (collecting cases)).

21. In *Sutton Place 1 Townhouse v. Amguard Insurance Co.*, 668 F. Supp. 3d 684, 693-94 (W.D. Tex. 2023), the district court acknowledged the existence of non-binding decisions in which federal judges analyzed the Texas due diligence defenses under Rule 12(b)(4) and/or Rule 12(b)(5). *Id*. However, the *Sutton Place* court stated it was adhering to the "majority position" in

Texas "that a due diligence defense is one a court should analyze under Rule 12(b)(6), not Rule 12(b)(4) or (5)." *Id.* at 691. The court held in pertinent part:

> "Federal courts throughout Texas have therefore dismissed cases on due diligence grounds under Rule 12(b)(6)—without converting the defendant's motion to dismiss to a summary judgment motion—where (1) in the plaintiff's response to the defendant's motion to dismiss, the plaintiff offered no excuse—or excuses that were invalid as a matter of law—for her delay in service; (2) documents subject to judicial notice (such as court dockets) evinced that the plaintiff failed to exercise due diligence to serve the defendant after the limitations period expired; and (3) neither party attached extrinsic evidence bearing on the plaintiff's service efforts to its motion or response." *Id.* at 691.

22. Here, Frontier has attached no documents to the instant Motion and relies only on documents that are subject to judicial notice via this Court's own electronic docket. Accordingly, Frontier respectfully submits that the reasoning from *Sutton Place* applies, and dismissal with prejudice is appropriate under Rule 12(b)(6).

23. Alternatively, in light of the *Williams* and *Henderson* cases discussed above, Frontier maintains that dismissal with prejudice is also appropriate under Rule 12(b)(4) (insufficient process) and/or Rule 12(b)(5) (insufficient service of process).

## CONCLUSION

In sum, Frontier asks this Court to grant the instant Motion and rule that plaintiffs' complaint is dismissed with prejudice under Rule 12(b)(6). Alternatively, Frontier asks this Court to dismiss plaintiffs' complaint with prejudice under Rule 12(b)(4) and/or 12(b)(5), and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

HINSHAW & CULBERTSON LLP

/s/ *Stephanie Laird Tolson*
Stephanie Laird Tolson
State Bar No. 11795430
Matthew A. Knox
State Bar No. 24071102
5151 San Felipe, Suite 1380
Houston, Texas 77056
Telephone: 346-344-4501
Facsimile: 346-202-0186
stolson@hinshawlaw.com
maknox@hinshawlaw.com

Michael G. McQuillen (*Pro Hac Vice* Forthcoming)
Richard C. Harris (*Pro Hac Vice* Forthcoming)
Kristin A. Hoffman (*Pro Hac Vice* Forthcoming)
151 N. Franklin Street, Suite 2500
Chicago, Illinois 60606
Telephone: 312-704-3000
mmcquillen@hinshawlaw.com
rharris@hinshawlaw.com
khoffman@hinshawlaw.com

*Attorneys for Frontier Airlines, Inc.*

## CERTIFICATE OF SERVICE

I certify that a true copy of the above Motion to Dismiss has this day been served via by electronic delivery via e-Filing for Court eService, email, certified mail/return receipt required, UPS and/or facsimile on April 7, 2025, to all the parties of record.

*/s/ Stephanie Laird Tolson*
Stephanie Laird Tolson

7