

**HINSHAW & CULBERTSON LLP**
Attorneys at Law
5151 San Felipe
Suite 1380
Houston, TX 77056

346-344-4501
346-202-0186
www.hinshawlaw.com

Stephanie Laird Tolson
stolson@hinshawlaw.com

April 11, 2025

**_Via PACER E-Filing_**
Hon. George C. Hanks, Jr.
United States District Judge
515 Rusk
Houston, Texas 77002

Re:   *Wood v. Frontier Airlines, Inc.*, Case No. 4:25-cv-01476, U.S. District Court for the Southern District of Texas, Houston Division

Your Honor:

I am counsel for Frontier Airlines, Inc. ("Frontier") in the above-captioned matter. On April 7, 2025, Frontier attempted to file a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) ("the Motion"). The Motion was also brought, alternatively, under Rules 12(b)(4) and/or 12(b)(5). However, on April 11, 2025, the Motion was stricken for violating your procedure requiring a letter requesting a pre-motion conference. I sincerely apologize for this oversight, and Frontier provides this letter to comply with your procedure 6(B).

Plaintiff claims injuries arising from an alleged exposure to fumes on June 25, 2022, aboard a Frontier airplane. The basis for the Motion is that the Plaintiff failed to timely serve Frontier with her petition (originally filed in Texas state court) within the applicable two-year limitations period. Although she filed her lawsuit in Texas state court on June 25, 2024, exactly two years to the day after the incident in question, she did not serve Frontier with citation until March 20, 2025, meaning Frontier was not served until nearly **nine months** after the limitations period expired.

Pursuant to Texas law, the Plaintiff's lawsuit (now removed to Federal Court) should be dismissed with prejudice.[1] A plaintiff in Texas must "bring suit" within the applicable limitations period. To "bring suit," the plaintiff must (1) file a petition within the limitations period, and (2) use due diligence in obtaining service of citation on the defendant. If service is not actually effected until after the statutory period has expired, the date of service may relate back to the date of filing, but only if the plaintiff exercised due diligence in effecting service of process. *See Proulx v. Wells,* 235 S.W.3d 213, 215 (2007); *Paredes v. City of Odessa,* 128 F. Supp. 2d 1009, 1016 (W.D. Tex. 2000). Texas law is clear that a delay of **nine months** to serve a defendant after limitations has run

---
[1] A federal court in a diversity action applies the same statute of limitations that the forum state would apply. *Huss v. Gayden,* 571 F.3d 442, 450 (5th Cir. 2009); *Hines v. Tenneco Chemicals, Inc.,* 546 F. Supp. 1229, 1232 (S.D. Tex. 1982).

April 11, 2025
Page 2

is not using due diligence. *Gonzalez v. Phoenix Frozen Foods, Inc.*, 884 S.W.2d 587, 590 (Tex. App.—Corpus Christi 1994); ("Mere reliance on a process server and a delay of **five months** after expiration of the statute of limitations do not, as a matter of law, constitute due diligence in procuring issuance and service of citation."); *see also Alonzo v. Fort Worth Land & Cattle Co.*, No. 02-23-00053-CV, 2023 Tex. App. LEXIS 5093 at *7, 2023 WL 4501827 (Tex. App.—Fort Worth, Jul. 13, 2023, no pet.) (service **three months** after limitations expired was not due diligence); *Jennings v. H.E. Butt Grocery Co.*, No. 04-97-00266-CV, 1998 Tex. App. LEXIS 1314 at *6-7, 1998 WL 88625 (Tex. App.—San Antonio, Mar. 4, 1998, pet. denied) (emphasis added) (**eight month** delay after limitations expired was not due diligence); *Sadeghian v. Denton Cent. Appraisal Dist.*, No. 02-23-00364-CV, 2024 Tex. App. LEXIS 2215 at *6, 2024 WL 1318252 (Tex. App.—Fort Worth, Mar. 28, 2024, no pet.) (service **five months** after expiration of limitations was not due diligence).

In accordance with your procedure 6(B), I have contacted counsel for the Plaintiff to confer and was unable to get into contact with him. Given the nature of our motion to dismiss, I anticipate he would oppose the motion.

Respectfully, I do not believe there is a reasonable likelihood of resolving this dispute with the Plaintiff, as the basis for the Motion is that she failed to "bring suit" within the applicable limitation period, and her claims should be dismissed with prejudice as a matter of law. For these reasons, Frontier requests the Court's permission for a pre-motion conference and to refile its Motion.

Very truly yours,

HINSHAW & CULBERTSON LLP

Stephanie Laird Tolson

SLT:ssb

c:    Fritz Barnett [*via PACER and UPS and Email*]
Barnett Law Firm
46 Mike Slott Road
New Waverly, Texas 77358

61560\324454993.v1